IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

          Plaintiff,

                                                    09-cr-159-bbc
                                                    11-cv-18-bbc

    v.

DERRICK RAPLEY,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Derrick Rapley has filed a document titled "Notice of Explicit Reservation of and all Rights/Non-Negotiable Acceptance of Rights and Notice of Non-Negotiable Acceptance of Rights" in which he alleges that the United States has no jurisdiction to try him for a crime. Despite the title, it must be construed as a motion for postconviction relief, filed pursuant to 28 U.S.C. § 2255. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007)("The fact that [petitioner] labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief should

1

be treated.")

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Defendant filed his first § 2255 motion on January 10, 2011. The motion was denied on the same day. This motion is defendant's second attempt (which tends to explain his effort to avoid labeling it as a § 2255 motion). Therefore, this court lacks authority to consider the claims raised in his motions without certification by the court of appeals.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a constitutional right so no certificate will issue.

2

ORDER

IT IS ORDERED that defendant Derrick Rapley's Notice of Explicit Reservation of and all Rights/Non-Negotiable Acceptance of Rights and Notice of Non-Negotiable Acceptance of Rights are DENIED for lack of jurisdiction.

Further, IT IS ORDERED that if defendant files any further documents in this case, the clerk of court is directed to forward them to me before filing. If I determine that the document includes a challenge to defendant's conviction or sentence and is not accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the filing, then I will place the document in the file of this case and make no response to it.

Entered this 3d day of August, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge